UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

Daniel Human, individually and on behalf of all others similarly situated,

*Plaintiff*,

v.

Rocket Mortgage Company, Inc., *et al*,

*Defendants*.

CIVIL ACTION

Case No. 4:23-cv-00123

**ROCKET MORTGAGE, LLC'S AND CORE DIGITAL MEDIA, LLC'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT
PURSUANT TO FED. R. CIV. 12(B)(6)**

Rocket Mortgage, LLC ("Rocket Mortgage") (misnamed in the Complaint as Rocket Mortgage, Inc.) and Core Digital Media, LLC ("CDM"), by and through undersigned counsel, move pursuant to Fed. R. Civ. P. 12(b)(6) for this Court to dismiss Plaintiff's Complaint against them for failure to state a claim.  In support of this motion, Rocket Mortgage and CDM submit a Memorandum of Law contemporaneously herewith and state as follows:

1.    Plaintiff Daniel Human ("Plaintiff") filed this lawsuit against Rocket Mortgage (misnamed in the Complaint as Rocket Mortgage, Inc.), CDM, and six individual defendants (collectively, "Defendants") for alleged violations of the Telephone Consumer Protection Act ("TCPA") and Missouri Merchandising Practices Act ("MMPA").  Plaintiff alleges that in December 2022, Defendants "placed more than ten telemarketing calls/texts" without written consent to his purported telephone number, which was allegedly listed on the national do-not-call Registry at the time.  ECF No. 1 ("Complaint"), ¶¶ 26, 27.  Based on these calls, he purports to

bring four claims:  (1) a claim for violation of the Telephone Consumer Protection Act's ("TCPA") do-not-call regulations; (2) a claim for violation of the TCPA's automated telephone dialing system provision; (3) a claim for violation of the Missouri Merchandising Practices Act; and (4) a claim for vicarious liability.

2.      Plaintiff's claims against Rocket Mortgage and CDM should be dismissed because Plaintiff has failed to allege facts to sustain his pleading burden under Federal Rules of Civil Procedure 8, 9(b), and 12(b)(6).

3.      First, the Complaint should be dismissed in its entirety as an impermissible shotgun pleading.  Plaintiff's allegations lump all "Defendants" together without attempting to attribute specific conduct to specific Defendants.  This is impermissible under Fed. R. Civ. P. 8 because it deprives Defendants of fair notice as to the conduct Plaintiff is alleging against each.  *See Boggs v. Am. Optical Co.*, 2015 WL 300509, at *2 (E.D. Mo. Jan. 22, 2015).

4.      Second, Count I of Plaintiff's Complaint should be dismissed because Plaintiff has not pled that, in contravention of the TCPA, he received more than one "telephone solicitation" call from any of the Defendants in the same 12-month period.  47 C.F.R. § 64.1200(c), (d), (f)(13), and (f)(15).

5.      Third, Count II must be dismissed because Plaintiff fails to plead the requisite factual allegations that any Defendant used an automatic telephone dialing system to make any of the challenged calls to Plaintiff.  *See Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1168–69 (2021).

6.      Fourth, Plaintiff's MMPA claim is similarly deficient.  To state a claim for violation of the MMPA, a private plaintiff must show that (1) he purchased merchandise or services from the defendant; (2) he purchased the merchandise for personal, family, or household use; (3) he suffered an ascertainable loss; and (4) the ascertainable loss was caused by a violation of the

MMPA.  *See Anderson v. Bass Pro Outdoor World, LLC*, 355 F. Supp. 3d 830, 835 (W.D. Mo. 2018) (citing Mo. Stat. § 407.025).   Because Plaintiff has not alleged that he purchased merchandise or services from any of Defendants, or that he suffered any "ascertainable loss" caused by any violation of the MMPA by any of Defendants, he has failed to plead the required elements of his MMPA claim.  Count III of the Complaint thus fails as a matter of law and must be dismissed.

7.      Fifth, the MMPA claim, which is premised on vague allegations of fraud and deception, should be dismissed for the additional reason that Plaintiff has not pled the particularized factual allegations required to sustain his Rule 9(b) pleadings burden.  *Streambend Props. II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d at 1013.

8.      Sixth, Plaintiff's final claim for "direct or vicarious liability" must be dismissed for the simple reason that it is a theory of liability rather than an independent cause of action.  *See, e.g.*, *Jones v. County of San Bernadino*, 2022 WL 17371070, at *4 (C.D. Cal. Sept. 6, 2022).

9.      In further support of their Motion to Dismiss and pursuant to E.D. Mo. L.R. 4.01(A), Rocket Mortgage and CDM incorporate by reference as though fully set forth herein their Memorandum in Support concurrently filed herewith.

WHEREFORE, Rocket Mortgage and CDM respectfully request that the Court enter an Order granting this Motion to Dismiss, dismissing them from Plaintiff's Complaint with prejudice, and granting such other and further relief as is just and proper.

Respectfully submitted,

/s/ *W. Kyle Tayman*

W. Kyle Tayman (*pro hac vice*)
Brooks R. Brown (*pro hac vice* forthcoming)
GOODWIN PROCTER LLP
1900 N Street, NW
Washington, DC  20036
Tel.: +1 202 346 4000
Fax: +1 202 346 4444
BBrown@goodwinlaw.com
KTayman@goodwinlaw.com

Joseph E. Martineau (#32397MO)
LEWIS RICE
600 Washington Avenue, Suite 2500
St. Louis, Missouri  63101-1311
Tel.: +1 314 444-7729
Fax: +1 314 612-7729
JMartineau@lewisrice.com

*Counsel for Defendants*

Dated:  June 12, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2023, I electronically filed the foregoing with the Clerk of

the Court using the CM/ECF system by operation of which a "Notice of E-Filing" and copy of

same was delivered to the following:

      Edwin V. Butler
      Butler Law Group, LLC
      1650 Des Peres Road, Suite 220
      St. Louis, MO 63131
      edbutler@butlerlawstl.com

                        /s/ *W. Kyle Tayman*
                        W. Kyle Tayman

5